IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BCI ACRYLIC, INC., an Illinois Corporation, | ) ) ) |
| Plaintiff. | ) Case No. |
| v. | ) ) Honorable |
| RICK HIRSCHHAUT and REMODEL DIRECT, INC. d/b/a REMODELDIRECT.COM, | ) Magistrate Judge ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Plaintiff, BCI ACRYLIC, INC., ("Plaintiff"), an Illinois Corporation, by and through its attorneys, for its Complaint against RICK HIRSCHHAUT (individually referred to as "Hirschhaut") and REMODEL DIRECT, INC. a d/b/a REMODELDIRECT.COM, (individually referred to as "RemodelDirect") (collectively Hirschhaut and RemodelDirect are referred to as "Defendants") allege as follows:

## NATURE OF THE ACTION

This is an action for copyright infringement brought under the Copyright Act of 1976 as amended, 17 U.S.C. §101 seq. and is for infringement of copyrighted materials as defined thereunder. This is also an action for breach of statutory and common law rights of attribution and integrity, for statutory and common law unfair competition and for common law unjust enrichment. Further, this is also an action for false designation of origin, false representations and interstate commerce arising under the Trademark Act of 1946. Further, this is also an action for a state law breach of a confidentiality agreement entered into by Hirschhaut and against the Defendants for state law claims for conspiracy to commit a breach of fiduciary duty.

## PARTIES

1. Plaintiff is a corporation duly organized and existing under the laws of the State of Illinois, with its principal place of business at 1800 Industrial, Libertyville, Illinois.

2. Pursuant to its website, RemodelDirect has an office located at 230 Lexington Drive, Buffalo Grove, Illinois 60089.

3. Hirschhaut's last known address is 2291 Madiera Lane, Buffalo Grove, Illinois.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1367 and 1338(a)(b).

5. Venue is proper within this judicial district pursuant to § 1391(b) and (c) as well as 28 U.S.C. § 1400(a) because RemodelDirect, conducts business within the Northern District of Illinois in Buffalo Grove, Illinois, the causes of action and/or damages asserted herein arose within this judicial district, and a substantial number of acts of infringement giving rise to this lawsuit also occurred within the Northern District of Illinois. In addition, the Hirschhaut is a resident of Buffalo Grove, Illinois, located within this judicial district.

## FACTS COMMON TO ALL COUNTS

6. Hirschhaut was Plaintiff's executive vice-president up to and including the date his employment with Plaintiff was terminated on October 28, 2015.

7. During Hirschhaut's employment with Plaintiff, Plaintiff and Hirschhaut entered into an employment contract, a copy of which is attached hereto as Exhibit "A". ("Employment Contract"). Pursuant to paragraphs 10 through 13 of the Contract, Plaintiff and Hirschhaut agreed that Plaintiff's confidential information shall remain confidential and shall not be disclosed by Hirschhaut.

8. As Plaintiff's senior vice-president, during the term of his employment, Hirschhaut had access to almost every type of confidential information Plaintiff owned.

9. After Hirschhaut's termination of his employment by Plaintiff, Hirschhaut obtained employment with a direct competitor of Plaintiff, RemodelDirect.

10. Recently, Hirschhaut has been contacting Plaintiff's internal employees and having such employees solicit other employees of Plaintiff to come to work for RemodelDirect where Hirschhaut is now employed. At least 3 such individuals were directly or indirectly solicited by Hirschhaut for employment with RemodelDirect.

11. Plaintiff and RemodelDirect are both in the business of home remodeling. Specifically, Plaintiff is a leading manufacturer of acrylic wall surrounds and bathtubs. Plaintiff has over 900 dealers that purchase product from Plaintiff within the United States.

12. The uniqueness of Plaintiff's business, in part, is the result of the unique product that Plaintiff offers to its dealers. Specifically, the unique patterns and colors of the material that Plaintiff's dealers install in customer's homes is one reason for Plaintiff's success.

13. On the other hand, RemodelDirect just recently, upon information and belief, has gone into competition with Plaintiff.

14. RemodelDirect has developed a website located at www.remodeldirect.com. On its website, RemodelDirect advertises its products, which have very similar bathroom acrylic products compared to Plaintiff.

15. The Defendants have misappropriated photographs owned by the Plaintiff in advertising RemodelDirect's products. Specifically, photographs of proprietary colors and textures relating to products owned by Plaintiff are being advertised for sale by RemodelDirect on its website.

16. More specifically, the Defendants acting in concert with one another have posted on their website photographs owned by Plaintiff of Plaintiff's actual product, described by Plaintiff as Roman Stone. Exhibit B.

3

17. The Roman Stone photographs set forth herein are the photographs owned by Plaintiff to advertise Plaintiff's product to the general public, including on Plaintiff's website. Hirschhaut had access to all of Plaintiff's confidential and proprietary information when employed at Plaintiff, including the photographs he misappropriated on Exhibit B.

18. On or about January 13, 2017, the Plaintiff sent via overnight mail a "cease and desist" letter demanding that the Defendants cease and desist from using Plaintiff's copyrighted and proprietary information.

19. As of the filing of this Complaint, the Defendants continue to misappropriate Plaintiff's photographs as set forth herein.

## COUNT I – COPYRIGHT INFRINGEMENT

20. Plaintiff repeats and alleges the foregoing paragraphs 1 through 19 as though set forth in full at this point.

21. The acts of Defendants alleged herein constitute infringement of Plaintiff's copyrights in the Roman Stone photograph misappropriated by Defendants pursuant to 17 U.S.C. § 501, seq.

22. More specifically, the acts of Defendants of which are complained of herein constitute infringement of Plaintiff's Common Law copyrights and violation of Plaintiff's exclusive right to its own works.

23. The acts of Defendants of which are complained of herein were committed willfully with full knowledge of the prior copyright of Plaintiff and Plaintiff's own copyrighted works.

24. For relief, Plaintiff respectfully requests a preliminary injunction and, after hearing, a permanent injunction prohibiting Defendants from further copying, reproducing or selling any work substantially similar to the photographs set forth on Exhibit B, pursuant to 17 U.S.C. §503(a) and (b).

25. For damages, Plaintiff respectfully requests recovery of its actual damages and Defendants' wrongfully obtained profits from the sale of products that are substantially similar to

4

subject works and any derivatives thereof, after an accounting for same, pursuant to 17 U.S.C. § 504(a) and (b). At present, the amount of such damages is uncertain.

26. For damages, because Defendants' acts were done willfully, Plaintiff respectfully requests, in the alternative, statutory damages in the maximum amount allowable, pursuant to 17 U.S.C. § 504 (a) and (b).

27. For further relief, because Defendants' acts were done willfully, Plaintiff respectfully requests recovery of attorney's fees and full costs of suit, pursuant to 17 U.S.C. § 505.

## COUNT II – FALSE DESIGNATION OF ORIGIN AND FALSE REPRESENTATIONS IN INTERSTATE COMMERCE

28. Plaintiff repeats and alleges the foregoing paragraphs 1 through 27 as though set forth in full at this point.

29. Plaintiff originated, authored, created, and popularized the photographs set forth on Exhibit B at issue in this case. By copying, producing, offering for sale and/or selling the infringing products or derivative thereof, the Defendants are stating in interstate commerce that, inter alia, it originated, authored, created, and popularized the photographs set forth on Exhibit B, when they, in fact, did not. Such statements are false, fraudulent, misleading and highly detrimental to Plaintiff's interests.

30. Based on the foregoing, Plaintiff respectfully requests recovery of its actual damages and Defendants' wrongfully obtained profits, as well as a temporary injunction and permanent injunction as pleaded in paragraph 24 which is incorporated herein by reference as though fully set forth in this paragraph 30.

## COUNT III – UNFAIR COMPETITION

31. Plaintiff repeats and alleges the foregoing paragraphs 1 through 27 as though set forth in full at this point.

32. Plaintiff further complains that, based upon the foregoing, the acts of Defendants constitute unfair competition and a palming off of Defendants' work as that of Plaintiff's, when it is not. Defendants' conduct alleged above constitutes unlawful, unfair and fraudulent business practices in violation of common law.

33. Furthermore, Defendants' wrongful acts have proximately caused and will continue to cause Plaintiff substantial injuries, including loss of customers, dilution of goodwill, confusion of existing and potential customers, injury to Plaintiff's reputation, and diminution of the value of Plaintiff's products and works. The harm of these wrongful acts will cause Plaintiff both imminent and irreparable harm, and the amount of damages sustained by Plaintiff will be difficult to ascertain if these acts continue.

34. Based upon the foregoing, Plaintiff respectfully requests recovery of its actual damages and Defendants' wrongfully obtained profits, as well as a temporary injunction and a permanent injunction as pleaded in paragraph 24 above, inclusive, which paragraph is incorporated by reference herein as though fully set forth at this point.

## COUNT IV – CONSPIRACY TO COMMIT BREACH OF FIDUCIARY DUTY

35. Plaintiff repeats and alleges the foregoing paragraphs 1 through 27 as though set forth in full at this point.

36. On or about January 12, 2017, Hirschhaut called "Jennifer", an employee of Plaintiff who held the title of executive assistant.

37. Hirschhaut requested that Jennifer give Hirschhaut's telephone number to another employee at Plaintiff so Hirschhaut could that other employee to come to work for Hirschhaut and RemodelDirect.

38. At all times during her employment, Jennifer owed a fiduciary duty to Plaintiff as an administrative assistant and as an employee of Plaintiff.

6

39. Hirschhaut conspired with Jennifer to breach her fiduciary duty when Hirschhaut solicited Jennifer to hand out his telephone number to other employees of Plaintiff so that Hirschhaut could essentially steal Plaintiff's employees.

40. Hirschhaut has engaged in similar conduct with other employees of Plaintiff by soliciting those other employees to engage in harmful conduct against Plaintiff.

## COUNT V – BREACH OF CONTRACT

41. Plaintiff repeats and alleges the foregoing paragraphs 1 through 27 as though set forth in full at this point.

42. Plaintiff breached paragraphs 10-13 of the Employment Contract, Exhibit A, by misappropriating Plaintiff's photographs set forth on Exhibit B.

43. As a direct and proximate result of Hirschhaut's breach of the Employment Contract the Plaintiff has been damaged.

44. Plaintiff has performed all of its obligations of the Contract.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BCI ACRYLIC, INC., prays that his Honorable Court order that:

A. That Defendants have infringed Plaintiff's copyrights;

B. That Defendants have provided a false or inaccurate attribution for the work Plaintiff and damaged the integrity of the work of and reputation of Plaintiff, causing Plaintiff injury and damages;

C. That Defendant has given false designation of the origin and the authorship of Defendants' work, and given false representations in connection with the copyrighted works of the Plaintiff, in interstate commerce, thereby causing Plaintiff's injury and damages;

D. That Defendants have engaged in unfair competition, thereby causing Plaintiff's injury and damages;

  E. That Defendants have engaged in knowing and willful conduct in infringing Plaintiff's copyrighted work, in whole or in part, justifying exemplary, additional and/or statutory damages;

  F. Judgement for a preliminary and, ultimately, a permanent injunction as requested herein restraining the Defendants and anyone else acting in privity or in concert with it, from selling infringing products or derivative thereof, or any part there, or taking any other actions that would infringe Plaintiff's copyrights;

  G. That Plaintiff be awarded actual damages, punitive or exemplary damages, and Defendants' profits or, in the alternative, statutory damages;

  H. That Plaintiff be awarded its attorney's fees and full costs of court;

  I. Damages be entered against Defendants on Counts IV and V of Plaintiff's complaint; and

  J. Such other and further relief as to which Plaintiff may show itself entitled.

## JURY DEMAND

Plaintiff requests trial by jury.

            Respectfully submitted,

            BCI ACRYLIC, INC.
            d/b/a BATH PLANET


            By:  /s/ Elliot S. Wiczer
              One of its Attorneys

Elliot S. Wiczer – ARDC #6208432
John M. Sheldon – ARDC #6256666
Brian S. Feldman – ARDC #6288135
Kyle G. Fonjemie – ARDC #6317125
Wiczer & Sheldon, LLC
500 Skokie Blvd., Suite 325
Northbrook, IL 60062
(847)849-4850